David G. Derickson, SBA #002450
Michael S. Love, SBA #028357
**RIDENOUR HIENTON, P.L.L.C.**
201 North Central Avenue, Suite 3300
Phoenix, Arizona 85004-1052
(602) 254-9900; Fax: (602) 254-8670
Firm: designatedcontact@rhlfirm.com
Attorneys: dderickson@rhlfirm.com; mlove@rhlfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BARBARA WANLASS, a married woman, | Case No. CV 11-02405-PHX-HRH |
| *Plaintiff,* | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE** |
| MICHAEL DORSETT, a married man; JEREMY BULGER, a married man; DEPARTMENT Of PUBLIC SAFETY, a governmental entity; STATE Of ARIZONA, a governmental entity; JOHN DOES 1-99, | |
| *Defendant.* | |

For her response to Defendant's Motion in *Limine* ("Defendant's Motion"), Plaintiff Barbara Wanlass states as follows.

## SUMMARY OF THE REPONSE

Defendant Dorsett has a reputation for dishonesty. More specifically, his employer has publicly identified him as someone who repeatedly falsified or suppressed relevant and material evidence. The conduct giving rise to this opinion occurred between June and November 2009 (one month before and for the three months after Officer Dorsett's encounter with Ms. Wanlass).

A witnesses' reputation for truthfulness is always relevant and material. Moreover, while certain limitations apply to the use of evidence reflecting "specific instances of conduct", the only limitation upon the admission of "reputation evidence" is a Rule 403 analysis.

1      In the instant action, Plaintiff Wanlass accuses Defendant Dorsett of violating her

2   civil rights by violating police procedures in June 2009.  When called to testify, Officer

3   Dorsett will undoubtedly refute the accusations insisting, instead, that his actions were

4   necessitated by Ms. Wanlass' conduct and that she is somehow exaggerating her

5   claims.  If the jury believes Officer Dorsett, Ms. Wanlass will not prevail.  Recognizing

6   this fact, Officer Dorsett now seeks to wrongly exclude his employer's opinion of his

7   dishonesty.    However,  because  the  probative  value  of  the  opinion  outweighs  any

8   claimed prejudicial effect, the opinion itself and the basis for it should be presented to

9   the jury for its consideration.

10                                **FACTUAL BACKGROUND**

11      Barbara Wanlass was approached, detained, physically overtaken, and arrested

12   by Officer Dorsett on July 15, 2009.  [Doc. 1A]  The instant action challenges whether

13   Officer Dorsett followed proper police procedure in so doing.   Unbeknownst to Ms.

14   Wanlass, one month earlier Officer Dorsett had encountered another citizen and taken

15   money from him, but failed to timely submit it into property and evidence.  [Exhibit A]

16   In fact, only two months after the Wanlass incident, Officer Dorsett encountered yet

17   another citizen, took money from him, and failed to timely submit it into property and

18   evidence.  [*Id.*]  Moreover, in the discharge of his duties as a peace officer, Officer

19   Dorsett failed to document that he had seized a white crystalline substance and he

20   failed to timely submit it to property and evidence.  [*Id.*]  It is for these offenses -

21   among others - that Officer Dorsett was eventually investigated by the Arizona

22   Department of Public Safety's Professional Standards Unit and on January 21, 2011, the

23   Law Enforcement Merit System Council made the following findings of fact as they

24   relate to **a charge of dishonesty**:

25

26

                                          -2-

1     •   Officer Dorsett falsified departmental paperwork to show that property
2          pertaining to DR#2009-031173 was submitted to property and evidence on
3          June 17, 2009, when in fact he did not submit it until June 18, 2009;

4     •   Officer Dorsett falsified departmental paperwork to show that property
5          pertaining to DR#2009-048678 was submitted to property and evidence on
6          September 22, 2009, when in fact he did not submit it until September 23,
7          2009;

8     •   Officer Dorsett falsified departmental paperwork to show that property
9          pertaining to DR#2009-048678, second submission, was submitted to
10         property and evidence on October 1, 2009, when in fact he did not submit it
11         until October 4, 2009;

12     •   Officer Dorsett submitted a memo on November 4, 2009, which contained
13         false statements regarding the submission of property;

14     •   Officer Dorsett intentionally listed Hispanic subjects he contacted as White to
15         avoid receiving additional scrutiny from his supervisor when the supervisor
16         reviewed his paperwork; and

17     •   Officer Dorsett listed the race of Hispanic subjects on 23 of his citations,
18         warnings, or repair orders and TraCS data as White instead of Hispanic.

19 [*Id.*]   These findings – among others – involve conduct undertaken near the time as
20 Officer Dorsett's encounter with Ms. Wanlass and each was a basis of Officer Dorsett's
21 suspension without pay from duty for one year.   [*Id.*]   These offenses were also the
22 basis for which Officer Dorsett's name was added to the DPS portion of the Law
23 Enforcement Integrity Database (the State's "*Brady* List").   [Exhibit B]

24                  **ARGUMENT AND CITATION OF AUTHORITY**

25      "*Brady*" refers to the United States Supreme Court case *Brady v. Maryland*, 373
26 U.S. 83, 83 S.Ct. 1194, L.Ed.2d 215 (1963) which requires prosecutors to disclose

continuously relevant defense evidence, including possible exculpatory evidence or evidence about the **credibility** of a police officer expected to testify (*i.e.*, *Brady* Material).  The "*Brady* List" is a list of peace officers maintained by the State.  There is no legal obligation requiring the State to maintain such a list.  However, the list allows prosecutors to easily access "*Brady* Material" concerning a police officer.

### A.        The Defendant's Motion Mischaracterizes the Evidence.

It is hornbook law that the truthfulness and veracity of a witness is always material, and that relevant evidence should be excluded ***only when*** its probative value is ***substantially outweighed*** by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  *See* F.R.E. 608 and 403; *see also U.S. v. Bedoine*, 913 F.2d 782 (1990).  Informing the jury of Officer Dorsett's established reputation for dishonesty will assist the jury in evaluating his testimony, and it cannot seriously be deemed unfair.  Notwithstanding, a careful reading of the Defendant's Motion reveals he hopes to preclude evidence of:

(1)     The details of the AZDPS Professional Standards Unit's investigation;

(2)     The Merit Counsel's findings related thereto;

(3)     The disciplinary action taken by AZDPS; and

(4)     His ultimate placement on the *Brady* List.

[Doc. 69]   In support of his position, Officer Dorsett creates a straw-man argument, deliberately mischaracterizing the evidence to suggest it is "extrinsic evidence used to prove specific instances of bad conduct."  [*Id.*]  **It is not.**  Rather, Wanlass intends to educate the jury about Officer Dorsett's reputation as a dishonest peace officer.

That Officer Dorsett is dishonest is not solely the opinion of Ms. Wanlass, nor just the opinion of a random individual's unique experience with Officer Dorsett.  Rather, this opinion is strongly held by his employer and was formed only after a formal investigation.  [Exhibit A]   First, there was sufficient behavior leading to his employer's

suspicion.  [*Id.*]  Then, there was a thorough investigation and a conclusive finding.  [*Id.*]  Finally, there was a public pronouncement.  [Exhibit B]  The introduction of such evidence will assist the jury in evaluating the testimony and reaching an informed decision.   Therefore, it is relevant and admissible.  Fᴇᴅ. R. Eᴠɪᴅ. 401 and 608(a).

>    **B.    The Probative Value Outweighs any Claimed Unfair Prejudice.**

Importantly, all evidence establishing a character for untruthfulness has a tendency to prejudice the jury.   It is only when the evidence creates an ***unfair*** prejudice that it should be excluded.  Fᴇᴅ. R. Eᴠɪᴅ. 403.  Considering the proximity in time of the events of this lawsuit (July 2009) and those causing Officer Dorsett to earn his reputation (June – November 2009) as well as the similarities in the nature of the activity (abuse of police procedure), the information is probative of Officer Dorsett's reputation for honesty (or a lack thereof) and any claimed prejudicial value is minimal in comparison to its probative effect.  Accordingly, Wanlass should be permitted to elicit testimony on the following matters on cross examination:

(1)    Whether Officer Dorsett has been investigated for dishonesty;

(2)    Why Officer Dorsett was investigated for dishonesty;

(3)    The findings of the related investigation;

(4)    Whether the investigation resulted in discipline;

(5)    Whether Officer Dorsett is familiar with the *Brady* List;

(6)    Whether the investigation resulted in Officer Dorsett's placement on the *Brady* List; and

(7)    Officer Dorsett's understanding of what his appearance on the *Brady* List means.

Fᴇᴅ. R. Eᴠɪᴅ. 403.

1    Finally, any reservation the Court may have about whether the evidence will

2   mislead the jury can be resolved by issuing a limiting instruction advising the jury of the

3   evidence's value and its appropriate use.

4                                    **CONCLUSION**

5    In light of the foregoing, Defendant Michael Dorsett's Motion in *Limine* should be

6   denied.

7    RESPECTFULLY SUBMITTED this 30th day of September, 2014.

8                                    **RIDENOUR HIENTON, P.L.L.C.**

9
                          By:*/s/  David G. Derickson, SBA #002450*
10                             David G. Derickson, Esq.
                              Michael S. Love, Esq.
11                             Chase Tower, Suite 3300
                              201 North Central Avenue
12                             Phoenix, Arizona  85004-1052
                              *Attorneys for Plaintiff*
13

14   Certificate of Service:

15
    I hereby certify that on September 30, 2014, I electronically
16   transmitted the attached document to the Clerk's Office using
    the CM/ECF system for filing and transmittal of a Notice of
17   Electronic Filing to the following CM/ECF registrants:

18
    Scott Zerlaut, Esq. (scottzerlaut@smbattorneys.com)
19

20   */s/  DC Hatheway*

21

22

23

24

25

26
                                    -6-

# EXHIBIT A



## STATE OF ARIZONA
## LAW ENFORCEMENT MERIT SYSTEM COUNCIL

IN THE MATTER OF:

MICHAEL D. DORSETT, #6790                    MSC No. 2010-005
                        Appellant

                                             FINDINGS OF FACT,
vs.                                          CONCLUSIONS OF LAW,
                                             DECISION & ORDER

ARIZONA DEPARTMENT OF
PUBLIC SAFETY            Respondent

On January 21, 2011, the Law Enforcement Merit System Council (the Council), in accordance with
A.R.S. § 41-1830.12(A) (5) and A.A.C. R13-5-702 and R13-5-703 et seq., heard the above titled
appeal. Appellant, Michael Dorsett was present, and was represented by counsel, Mr. Neil Landeen.
Mr. Dennis Carpenter, Assistant Arizona Attorney General, represented Respondent, the Arizona
Department of Public Safety. Chair Andrew Luck presided over the hearing and took part in the
decision. Vice-Chair Gail Goodman and member James Heiler also participated in the hearing and
took part in the decision.

The purpose of said hearing was to review an appeal from a March 31, 2010, order of the Director of
the Arizona Department of Public Safety assessing discipline in the form of termination. Having
considered the evidence presented and the exhibits admitted into evidence, the Council hereby
makes the following Findings of Fact and Conclusions of Law and renders the following Order:

## FINDINGS OF FACT

1.    On January 21, 2011, the Council made the following findings of fact as they relate to the
      charge of Inefficiency:

      • The Appellant took money from Mr. Morales on June 16, 2009, and failed to submit
        it into property and evidence until June 18, 2009.
      • The Appellant took money from Mr. Balderama-Pena on September 22, 2009, and
        failed to submit it into property and evidence until September 24, 2009.
      • The Appellant held onto evidence pertaining to DR#2008-049333 for three days
        before submitting it into property and evidence.
      • The Appellant failed to document in DR#2008-049333 that he seized a white
        crystalline substance and later submitted it to property and evidence for analysis.
      • The Appellant provided inaccurate data pertaining to ethnicity, documents, and
        vehicle information on his TraCS data.

2.    On January 21, 2011, the Council made the following finding of fact as it relates to the
      charge of Insubordination:

RECEIVED
JAN 2 8 2011
PROFESSIONAL STANDARDS

ST.WANLASS000273

Findings of Fact, Conclusions ~ _aw, Decision and Order
Michael D. Dorsett
Page 2

- The Appellant spoke with Sergeant McFarland after being served with a Notice of Investigation Form.

3. On January 21, 2011, the Council made the following findings of fact as they relate to the charge of Dishonesty:

- The Appellant falsified departmental paperwork to show that property pertaining to DR#2009-031173 was submitted to property and evidence on June 17, 2009, when in fact he did not submit it until June 18, 2009.
- The Appellant falsified departmental paperwork to show that property pertaining to DR#2009-048678 was submitted to property and evidence on September 22, 2009, when in fact he did not submit it until September 23, 2009.
- The Appellant falsified departmental paperwork to show that property pertaining to DR#2009-048678, second submission, was submitted to property and evidence on October 1, 2009, when in fact he did not submit it until October 4, 2009.
- The Appellant submitted a memo on November 4, 2009, which contained false statements regarding the submission of property.
- The Appellant intentionally listed Hispanic subjects he contacted as White to avoid receiving additional scrutiny from his supervisor when the supervisor reviewed his paperwork. The Appellant listed the race of Hispanic subjects on 23 of his citations, warnings, or repair orders and TraCS data as White instead of Hispanic.

4. On January 21, 2011, the Council made the following findings of fact as they relate to the charge of Improper Procedure:

- The Appellant failed to impound vehicles in accordance with the law pertaining to 30-day impounds.
- The Appellant failed to have a witness verify and sign money count sheets for cases in which he seized and submitted money into property and evidence.
- The Appellant failed to have the owner sign the non-evidence property control form on cases in which he seized and submitted money into property and evidence.
- The Appellant failed to submit evidence and personal property items to the property and evidence custodian during normal duty hours, as outlined in the Property and Evidence Procedure Manual.

## CONCLUSIONS OF LAW

1. The Council has jurisdiction to hear this appeal pursuant to A.R.S. § 41-1830.12 (A) (5) and A.A.C. R13-5-702 and R13-5-703.

2. Specific reasons for Appellant's discipline were provided in the notice of charges. Appellant was given an opportunity to respond to the notice of charges.

3. The Council finds that the Respondent did show by a preponderance of evidence that the alleged acts of inefficiency, insubordination, dishonesty and any other failure of good

ST.WANLASS000274

# EXHIBIT B

# DPS

## *LAW ENFORCEMENT INTEGRITY DATABASE*
### *11/26/12 Update*

| Last Name of Officer | First Name of Officer | Badge # | Agency | Date of Occurence | Status |
|---|---|---|---|---|---|
| Please note:  The names marked with ** have multiple IA files. | | | | | |
| Aguilera | George | 6568 | DPS | 5/4/2007 | Retired |
| Ashcroft | Joseph | 2106 | DPS | 9/13/2005 | Resigned |
| Bowling | Martin | 6258 | DPS | 8/7/2005 | Active |
| Bowman | Timothy | 7109 | DPS | Various dates | Terminated |
| Brooks | Jason | 5691 | DPS | 12/5/2010 | Terminated |
| Brooks | Tahlia | 5842 | DPS | Various dates | Resigned |
| Bulloch | Brian | 6770 | DPS | 5/8/2007 | Terminated |
| Burkenbine | Jay | 1881 | DPS | Various dates | Terminated |
| Carroll | Christine | 5685 | DPS | Various dates | Terminated |
| **Cianciolo | Philip | 2579 | DPS | Various dates | Terminated |
| Colletto | Mitch | 5879 | DPS | Various dates | Resigned |
| Crandell | Wendall | 6191 | DPS | Various dates | Terminated |
| DeGraff | Richard | 4431 | DPS | 10/18/2001 | Resigned |
| Diaz | Carlos | 6802 | DPS | 6/18/2010 | Terminated |
| Diaz | Clifford (C.M.) | 4880 | DPS | 7/12/2002 | Active |
| Dorsett | Michael | 6790 | DPS | Various dates | Terminated |
| D'Oyen | D.C. | 4864 | DPS | Various dates | No longer employed |
| Echols | Richard | 7088 | DPS | Various dates | Terminated |
| Evans | Robb | 5807 | DPS | 7/30/2011 | Terminated |
| Galli | Derek | 6343 | DPS | Various dates | Terminated |
| Gaona | Gabriel | 5554 | DPS | 3/9/2008 | Terminated |
| Goodwin | Timothy | 2784 | DPS | 10/28/2001 | Retired |
| Hale | Chad | 3999 | DPS | Various dates | Active |
| Hector | Edgil | 6485 | DPS | | No longer employed |
| Hicklin | James | 6170 | DPS | 4/11/2007 | Resigned |
| **Huskisson | Jennifer | 4585 | DPS | 5/19/2005 | Terminated |
| Jacobs | Geoff | 6171 | DPS | Various dates | Terminated |
| Kenney | Billie Joe | 8173 6197 | Phoenix PD | Various dates | Terminated from PPD Currently with DPS |
| Kline | Michael | 6732 | DPS | | Resigned |
| Koren | Bernadette | 3996 | DPS | Various dates | Terminated |

# DPS

| | | | | | | |
|---|---|---|---|---|---|---|
| Kuzia | Eugene | 12/5/1916 | DPS | | 9/16/2006 | Resigned |
| Lappe | Ronald | 3507 | DPS | | Various dates | Resigned |
| **Leyvas | Ronald | 5787 | DPS | | 1/22/2001 | Terminated |
| Lozano | Marc | 6144 | DPS | | 3/7/2008 | Resigned |
| Manos | Patricia | 4342 | DPS | | 2/10/2005 | No longer employed |
| McCabe | Roy | 4382 | DPS | | 8/16/2004 | Resigned |
| McCreery | Michael | 5860 | DPS | | Various dates | Terminated |
| McFadden | Michael | 1839 | DPS | | 11/9/2004 | Retired |
| McNeese | Blaine | 5790 | DPS | | 9/30/2003 | Resigned |
| **Meister | Luke/Lucas | 6148 | DPS | | 7/22/2003 | No longer employed |
| Mickelson | Michael | 4094 | DPS | | 7/5/2004 | Retired |
| Mitchell | Thomas | 5791 | DPS | | 10/13/2004 | Resigned |
| Montei | Jeffery | 6057 | DPS | | 1/9/2005 | Terminated |
| *Motko* | *Christopher* | *5500* | *DPS* | | *Various dates* | *Terminated* |
| Mueller | Forrest | 4722 | DPS | | 2/6/2008 | Terminated |
| Pereda | D.G. | 6179 | DPS | | Various dates | Resigned |
| Ryan | Jessie | 5508 | DPS | | Various dates | Resigned |
| Scott | Derek | 5792 | DPS | | Various dates | Terminated |
| **Sinclair | Bert | 5511 | DPS | | 7/18/2005 | Resigned |
| Stuart | Gabriel | 5266 | DPS | | 11/22/2002 | Resigned |
| Stutz | Casey | 6466 | DPS | | 1/30/2008 | Resigned |
| Talakte | John | 4749 | DPS | | 8/7/2007 | Terminated |
| Thayer | Dwight | 5006 | DPS | | 11/24/2007 | Terminated |
| Thompson | Michael | 5526 | DPS | | Various dates | No longer employed |
| Valdez | Christopher | 5711 | DPS | | | Resigned |
| VanDellen | Matthew | 6454 | DPS | | Various dates | Terminated |
| Warren | Kenneth | 6182 | DPS | | Various dates | No longer employed |
| Watling | Jack | 3462 | DPS | | 6/10/2008 | Terminated |
| Whaley | Robin | 6741 | DPS | | Various dates | Terminated |
| White | Jeffrey | 4005 | DPS | | 4/13/2001 | Terminated |
| Wolford | Robert (Mark) | 4991 | DPS | | Various dates | No longer employed |
| **Wyatt | Brett | 6067 | DPS | | Various dates | Terminated |
| **Wygal | Bert | 5511 | DPS | | 7/18/2005 | Terminated |
| Wygal | Tad | 5260 | DPS | | 3/17/2003 | Resigned |
| Young | Chris | 5304 | DPS | | 4/9/2006 | Resigned |